# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-0067 PA (SKx) | Date | January 22, 2018 |
|---|---|---|---|
| Title | Elizabeth Paris v. Michael Aram, Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS – COURT ORDER

    Before the Court is a Notice of Removal filed on January 3, 2018, by defendant Michael Aram, Inc. ("Defendant"). (Docket No. 1.) In the Complaint, plaintiff Elizabeth Paris ("Plaintiff"), a former employee of Defendant, asserts the following state law claims: retaliation in violation of California's Fair Employment and Housing Act; retaliation in violation of California Labor Code § 1102.5; wrongful termination; and intentional infliction of emotional distress. Based on these claims, Plaintiff seeks general and compensatory damages and penalties in excess of $25,000; punitive damages; attorneys' fees; costs; and prejudgment interest. Defendant asserts that the Court has jurisdiction over this action based on diversity of citizenship. See 28 U.S.C. § 1332.

    Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over those matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

    To invoke this Court's diversity jurisdiction, Defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. A natural person must be a citizen of the United States and be domiciled in a state to establish "state citizenship" for diversity purposes. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). A person is domiciled in the place she resides with the intent to remain or to which she intends to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id.

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-0067 PA (SKx) | Date | January 22, 2018 |
|---|---|---|---|
| Title | Elizabeth Paris v. Michael Aram, Inc., et al. | | |

Here, in an effort to establish Plaintiff's citizenship, the Notice of Removal asserts that:

> At all times relevant to this litigation, Plaintiff was residing in California. (Jave Decl. ¶6.) While Plaintiff was employed by Defendant, she worked entirely in California with an address in Manhattan Beach, California. (Id.) Furthermore, Plaintiff herself alleges that "[a]ll claims asserted herein arose in the County of Los Angeles, California and . . . Defendants inflicted harm upon Plaintiff in the County of Los Angeles, State of California." ([Compl.] ¶1.) Plaintiff's allegation establishes that she is in fact citizen [sic] of the State of California.

(Notice of Removal ¶ 17.) However, a person's residence is not the same as her domicile, so these allegations of Plaintiff's residence and former place of employment do not establish Plaintiff's citizenship. Kanter, 265 F.3d at 857 ("A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state."). "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." Id. Therefore, the Notice of Removal does not adequately allege the citizenship of Plaintiff, and Defendant has failed to demonstrate that complete diversity exists.

Even if Defendant had properly alleged Plaintiff's citizenship, which it has not, it must also establish that the amount in controversy exceeds $75,000. When determining the amount in controversy, the Court must assume that the allegations in the complaint are true and that a jury will return a verdict in the plaintiff's favor on all of the claims in the complaint. See Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). "The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." Korn v. Polo Ralph Lauren Corp., 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) (emphasis in original); see also Rippee v. Boston Market Corp., 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005). When an action has been removed and the amount in controversy is in doubt, there is a "strong presumption" that the plaintiff has not claimed an amount sufficient to confer jurisdiction. Gaus, 980 F.2d at 566 (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288–90, 58 S. Ct. 586, 82 L. Ed. 845 (1938)). "[T]he amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004). "When not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003). "Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [$75,000]." Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996). "Conclusory allegations as to the amount in controversy are insufficient." Matheson, 319 F.3d at 1090–91.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-0067 PA (SKx) | Date | January 22, 2018 |
|---|---|---|---|
| Title | Elizabeth Paris v. Michael Aram, Inc., et al. | | |

Here, the Complaint alleges that the amount demanded exceeds $25,000, so Defendant must provide evidence that the amount in controversy in fact exceeds $75,000. In its Notice of Removal, Defendant looks to loss of earnings damages, emotional distress damages, punitive damages, and attorneys' fees in an effort to satisfy its burden.

Defendant calculates Plaintiff's loss of earnings damages based on her monthly salary of $12,500 while employed at Defendant. (NOR ¶ 25 (citing Jave Decl. ¶ 7).) Defendant asserts that, based on this salary, Plaintiff's request for back and front pay exceeds the jurisdictional minimum. (Id. at ¶ 26.) Although courts may consider both back and front pay to determine the amount in controversy, many decline to project lost wages beyond the date of removal. See, e.g., Fortescue v. Ecolab, Inc., No. CV 14–0253 FMO (RZx), 2014 WL 296755, at *2 (C.D. Cal. Jan. 28, 2014) (listing cases and holding that "[w]hile defendant suggests that the court should consider plaintiff's future lost wages in determining the amount in controversy, the court declines to project lost wages forward to some hypothetical trial date"). Jurisdiction depends on the state of affairs at the time of removal. See id.; Soto v. Kroger Co., SACV 12-0780-DOC (RNBx), 2013 WL 3071267, *3 (C.D. Cal. June 17, 2013) (noting that "the guiding principle is to measure amount in controversy at the time of removal"); see also Ibarra v. Manheim Invs., Inc., 775 F.3d 1193, 1197 (9th Cir. 2015) ("Whether damages are unstated in a complaint, or, in the defendant's view are understated, the defendant seeking removal bears the burden to show by a preponderance of the evidence that the aggregate amount in controversy exceeds [the statutory minimum] when federal jurisdiction is challenged. . . . [A] defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions."); Gardynski–Leschuck v. Ford Motor Co., 142 F.3d 955, 958 (7th Cir. 1998) ("[J]urisdiction depends on the state of affairs when the case begins; what happens later is irrelevant.") (citing St. Paul Mercury Indem. Co., 303 U.S. at 289–90, 58 S. Ct. 586, 82 L. Ed. 845). According to Defendant, at the time of removal, Plaintiff's lost earnings since her termination on November 21, 2017, amounted to approximately $12,500, as it had been approximately one month since her termination. (NOR ¶ 25.) Defendant goes on to assert that front pay "could potentially extend two years or more from the date of judgment," so "front pay could total $300,000 for her salary alone." (Id. at ¶ 26.) Defendant also points to Plaintiff's lost potential for performance bonuses; in 2017, Plaintiff had been paid $4,000 in such bonuses. (Id. (citing Jave Decl. ¶ 7).) However, the Complaint does not expressly seek two years front pay or bonuses. Thus, Defendant's conjecture that Plaintiff could seek or be entitled to two years front pay is speculative and insufficient to meet its burden. See, e.g., Gamino v. HireRight Sols., Inc., No. 11cv281 BTM(POR), 2011 WL 1211356, at *2 (S.D. Cal. Mar. 28, 2011); Fortescue, 2014 WL 296755, at *2; Alcarez v. FedEx Corp., No. CV 14-4765 FMO (Ex), 2014 U.S. Dist. LEXIS 121529, at *7 (C.D. Cal. Aug. 28, 2014). Accordingly, Defendant has established only that the amount in controversy for loss of earnings was approximately $12,500 at the time of removal.

Plaintiff also seeks damages for emotional distress. Defendant cites one case involving a $300,000 emotional distress award to suggest that "[j]ury awards for such allegations [as those in the Complaint], if proven, could exceed $75,000 and it is likely that Plaintiff will seek in excess of $75,000 for this category of damages alone." (NOR ¶ 27.) However, Defendant fails to analogize the facts of

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-0067 PA (SKx) | Date | January 22, 2018 |
|---|---|---|---|
| Title | Elizabeth Paris v. Michael Aram, Inc., et al. | | |

this case or any other case to the instant action. Without more, Defendant has not established the amount in controversy as emotional distress damages.

Next, Defendant argues that punitive damages could exceed one to nine times the amount of compensatory damages. (NOR ¶ 28.) Again, Defendant makes no effort to analogize other cases to the instant action. Accordingly, Defendant has not established the amount in controversy as punitive damages.

Nor is Defendant's discussion of Plaintiff's prayer for attorneys' fees sufficient to establish that the amount in controversy is met. (See id. at ¶¶ 29–30.) Although attorneys' fees may properly be considered as part of the amount in controversy, Galt G/S v. JSS Scandinavia, 142 F.3d 1150, 1156 (9th Cir. 1998), decisions from within the Ninth Circuit recognize a "split as to whether only attorneys' fees that have accrued at the time of removal should be considered in calculating the amount in controversy, or whether the calculation should take into account fees likely to accrue over the life of the case," Aguilar v. Courtyard Mgmt. Corp., No. CV 13-7181 MMM (SHx), 2014 WL 12597037, at *8 (C.D. Cal. Jan. 13, 2014) (collecting cases); see Gonzales v. CarMax Auto Superstores, LLC, 840 F.3d 644, 649 n.2 (9th Cir. 2016). In any event, Defendant has not offered evidence of any accrued attorneys' fees. In addition, Defendant does not analogize the facts of this case to others in which attorneys' fees were awarded, or provide any other basis upon which to estimate an award of attorneys' fees. Instead, Defendant merely asserts that "assuming for purposes of this notice that the case goes to trial, and assuming Plaintiffs' counsel charges $400 per hour, it would only take 187.5 hours of work to meet the amount in controversy requirement." (NOR ¶ 30.) However, these numbers are based on nothing more than assumptions and speculation. Thus, Defendant has failed to establish the amount in attorneys' fees at issue.

Thus, Defendant has not adequately supported its assertion that the amount in controversy exceeds the diversity jurisdiction minimum, as Defendant has not established that the amount in controversy exceeds the $25,000 minimum demanded in the Complaint.

Because Defendant has not established complete diversity or that the amount in controversy exceeds $75,000, Defendant has failed to meet its burden to demonstrate the Court's diversity jurisdiction. Accordingly, the Court remands this action to Los Angeles County Superior Court, Case No. YC072486. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.